David A. **KELLEHER**, Plaintiff,

v.

**BIG SKY OF MONTANA, the managing entity of Boyne U.S.A., Inc., a Michigan corporation, Defendant.**

No. CV 85–55–BU–CCL.

United States District Court,
D. Montana,
Butte Division.

Sept. 5, 1986.

---

Randy J. Cox, Boone, Karlberg & Haddon, Missoula, Mont., for plaintiff.

Donald C. Robinson, Poore, Roth & Robinson, Butte, Mont., for defendant.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

Plaintiff seeks to recover damages sustained when he was caught in an avalanche on December 7, 1982, on the premises of defendant's ski resort south of Bozeman, Montana. Among defendant's affirmative defenses is its contention that plaintiff assumed those risks inherent in the sport of skiing pursuant to Montana's "skier statute," §§ 23–2–731 through 23–2–737, Mont. Code Ann.

This case is before the Court on plaintiff's motion for partial summary judgment. Plaintiff asks this Court to rule, as a matter of law, that the so-called "skier statute" is an unconstitutional abrogation of his right of access to the courts and that defendant may not maintain its affirmative defense based on such legislation. The parties have submitted briefs and the Court

has heard oral argument. Plaintiff's motion is ripe for disposition.

Plaintiff initially filed this suit in state district court. Defendant subsequently removed the case to federal district court on the basis of diversity of citizenship.

Section 23–2–736(1), Mont. Code Ann., provides:

A skier assumes the risk and all legal responsibility for injury to himself or loss of property that results from participating in the sport of skiing by virtue of his participation. The assumption of risk and responsibility includes but is not limited to injury or loss caused by the following: variations in terrain, surface or subsurface snow or ice conditions, bare spots, rocks, trees, other forms of forest growth or debris, lift towers and components thereof, pole lines, and plainly marked or visible snowmaking equipment.

The legislative intent in the passage of the "skier statute" was declared in section 23–2–731, Mont. Code Ann.:

It is the purpose of 23–2–731 through 23–2–737 to define those areas of responsibility and affirmative acts for which the ski area operator is liable for loss, damage, or injury and those risks for which the skier expressly assumes or shall be considered to have voluntarily assumed the risk of loss or damage and for which there can be no recovery.

■ Plaintiff argues that section 23–2–736(1), Mont. Code Ann., operates as a complete bar to recovery for his personal injuries in this case. He contends, therefore, that section 23–2–736(1), Mont.Code Ann., violates his right of access to the courts guaranteed by the Montana Constitution.[1] Defendant argues that the "skier statute" neither precludes recovery against it nor limits the amount of such recovery if plaintiff can establish a case of negligence against the ski resort. The Court agrees with defendant.

---

1. Mont. Const. art. II, § 16, provides in part: "Courts of justice shall be open to every person, and speedy remedy afforded for every injury of person, property, or character."

At the outset, I recognize the general proposition that the constitutionality of a state statute will be presumed. *Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269 (1979); *Golden State Transit Corp. v. City of Los Angeles*, 686 F.2d 758 (9th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983); *Small v. McRae*, 200 Mont. 497, 651 P.2d 982 (1982). In the instant case, plaintiff challenges the constitutionality of Montana's alleged statutory discrimination in favor of ski area operators. Unless such classification affects a fundamental right, my analysis is limited to determining whether the classification is rationally related to a legitimate state interest. *Golden State Transit*, 686 F.2d at 761; *Small*, 651 P.2d at 996. "Rationally related" means that the classification will be upheld if it has *any* rational basis. *See*, e.g., *Lindsley v. Natural Carbonic Gas Co.*, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369 (1911).

Plaintiff relies on the case of *Pfost v. State of Montana*, — Mont. —, 713 P.2d 495 (1985), for the proposition that the right to bring an action for personal injuries is a fundamental right and that any statutory abridgement of such right must pass the test of strict scrutiny. This Court is not in disagreement with the Supreme Court of Montana. Rather, it is my opinion that *Pfost* and the earlier case of *White v. State of Montana*, — Mont. —, 661 P.2d 1272 (1983), can be distinguished from the present case on their facts.

Both *Pfost* and *White* dealt with statutory limitations on the amount of damages recoverable from the state and local governments. Because a limitation on the amount of damages recoverable in a civil action is, in essence, a limitation on the right to seek full and complete redress, the Montana court applied a strict scrutiny analysis in *Pfost* and *White*. The statutory limitations at issue in those cases could not pass constitutional muster because the Montana court could not identify a compelling state interest for such limitations in the face of the "full legal redress" language of Mont. Const. art. II, § 16.

The statute challenged herein, however, does not limit the amount of damages a skier may recover from a ski area operator as the result of the operator's negligence. Nor does the statute preclude a skier from bringing a personal injury action itself based on a ski area operator's negligence. The courthouse door has not been closed to skiers injured as the result of the negligent operation of a ski area.

What the challenged statute does is to recognize that there are certain risks inherent in the sport of skiing that neither the skier nor the ski area operator can reasonably control. Indeed, the risk and often-rugged natural setting provides both the greatest attractions of skiing as well as the greatest elements of danger. Natural conditions, such as vegetation, snow cover and weather conditions, make trail conditions highly variable and difficult to manage.

Montana's "skier statute" is an attempt to define what risks are inherent in the sport of skiing.[2] Operator negligence is not one of those risks. If plaintiff can establish that defendant was negligent in this case, and that such negligence proximately caused his injuries, plaintiff can recover damages from defendant. The action itself, and the amount of any recovery, are not limited in any way in a proper negligence case. The doors to the courthouse have not been closed to plaintiff if defendant, and not the weather or some other inherent natural risk, is at fault for his injuries.

■ Because it is the conclusion of the Court that Montana's "skier statute" does not adversely affect plaintiff's fundamental right of access to the courts, I apply the rational basis test to the challenged statute. I conclude that the classifications re-

---

**2.** It is commonly agreed that ski areas are not liable for injuries due to risks inherent in the sport. Some one to two dozen states with thriving ski industries enacted legislation defining the duties of skiers and ski area operators in the wake of *Sunday v. Stratton Corp.*, 136 Vt. 293, 390 A.2d 398 (1978).

sulting from the operation of sections 23–2–731 through 23–2–737, Mont.Code Ann., are reasonably related to a legitimate state objective. The ski industry makes a substantial contribution, directly and indirectly, to Montana's economy. The state has a legitimate interest in its own economic vitality. Because the "skier statute" is based on reasonable grounds, I conclude that it does not violate plaintiff's rights to equal protection, due process or access to the courts.

Additionally, as discussed above, the record at this stage of the proceeding does not reflect whether the avalanche in question was the result of natural or manmade conditions. The question of whether defendant negligently opened the run commonly known as The Cirque also remains unanswered. In summary, a question of material fact exists as to whether plaintiff was injured by a risk or condition inherent in the sport of skiing. Because this factual issue remains unresolved, plaintiff is not entitled to summary judgment. Rule 56, Fed.R.Civ.P.; *Bueno v. United States,* 687 F.2d 318 (9th Cir.1982).

For these reasons,

IT IS ORDERED that plaintiff's motion for partial summary judgment is DENIED.